THE WINNESHEIK INSURANCE COMPANY

*v.*

REGINA SCHUELLER.

1. PROOF OF LOSS—*condition in policy of insurance.* Where the condition in a policy required that, in case of loss, the assured should forthwith give notice and make the required proof within thirty days, and on the occurrence of a loss the assured filled a blank furnished by an agent of the company and swore to the same, thus proving the loss, and handed it to an agent of the company, who only objected to some items in the schedule, which he struck out, and the assured frequently saw and conversed with the agent before the expiration of the thirty days, but no further proof was required nor other objections made: *Held,* that if the proof was insufficient, all irregularities were waived by failing to point out objections to the proof, that they might have been obviated within the limited time.

2. VARIANCE—*proof.* Where the declaration averred a waiver of all objections to the insufficiency of the proof of loss, and the evidence showed that proof was furnished in time and no objection was made to its sufficiency, there was no variance.

3. PROOF OF LOSS—*examination of assured.* The personal examination of the assured, reserved to the company by the conditions of the policy, formed no part of the proof of loss provided by the policy, and it did not matter that such an examination was made more than thirty days after the loss occurred. The right to so examine was a privilege reserved to the company, which they could exercise or not, as they might choose, but was not a duty imposed on the assured.

30—60TH ILL.

466 WINNESHEIK INS. CO. v. SCHUELLER. [Sept. T.,

Opinion of the Court.

4. INSTRUCTIONS. In such a case, it is not error to refuse instructions which inform the jury that such a personal examination is a part of the proof of loss required of the assured by the condition in the policy.

5. SUIT ON THE POLICY. The suit on the policy was brought one hundred and four days after proof of loss, and the money was payable ninety days after proof of loss, and it was not error to refuse to instruct the jury that the suit could not be maintained until ninety days after a personal examination of assured, which was less than ninety days before the commencement of the suit, as such examination constituted no part of the preliminary proof of loss, and it was proper to so instruct the jury.

6. WAIVER—*a question of law.* Where certain facts are found to exist, it is then a question of law whether they amount to a waiver, and it is not error for the court to instruct the jury that if certain facts, which amount to a waiver, are found to exist, there was a waiver by the company of further proof of loss.

7. PROPERTY—*title of assured.* Where the policy describes the property insured as averred by the assured, and on the trial a deed, conveying the property to the assured, was read in evidence, and it was proved that assured had been in possession of the property for more than seven years, these facts raise a presumption of ownership in fee in the absence of any objection on the trial to the sufficiency of the proof of title.

8. JUROR—*challenge for cause.* Where a juror, on his examination, states that he has a prejudice against all insurance companies, that it was founded on the fact that he could not comprehend their proceedings, but that the prejudice would not affect his verdict: *Held,* that it was error to disallow a challenge for cause, as he did not stand indifferent between the parties; but it was further held that, as the proof showed that justice was clearly done between the parties, and there could have been no other finding, the judgment should not be reversed for such an error.

9. CHALLENGE—*of a juror subject to be reviewed.* Although such a challenge may be for favor and not for principal cause, still, under our practice, the decision of the court below is not final, but will be reviewed in this court.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. M. BAILEY and Mr. J. I. NEFF, for the appellant.

Mr. U. D. MEACHAM, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Numerous errors have been assigned for a reversal of this judgment.

It is objected that there is a material variance between the declaration and the proofs.

Every material averment in the declaration must be proved, to entitle a plaintiff to recovery.

One of the conditions of the policy required proof of loss within thirty days after its occurrence.

The declaration avers that, within the time a schedule of the property, with affidavit thereto attached, was delivered by appellee, in person, to the secretary of the company, and that the company then waived any further proofs of the loss, and all conditions in the policy requiring appraisement.

The account of the loss thus delivered was not formally correct. There were omissions of some of the requirements in the condition of the policy. The schedule, however, had a description of the dwelling house and saloon, and a long list of the furniture, etc., burned, and was sworn to before a magistrate.

Were these omissions waived by the acts of the agents of appellant?

It was in proof that, when the secretary was first notified of the loss, he gave to appellee a blank on which to make her proofs of loss. This was filled up and returned to him. He examined it and made no objection to it, except that a few articles were not covered by the policy, and erased them. He retained the paper and did not require any further proof, or the performance of any other act.

During the thirty days, appellee visited the office of the company on different occasions after she had delivered her proof of loss, and no additional requirement was made, and no objection preferred.

But it is insisted that the personal examination of appellee, after the expiration of the thirty days from the fire, was a part of the proof of loss, and that the waiver on the part of the company was only as to information not furnished by the personal examination in connection with the written proof.

The personal examination made by the officers of the company, constituted no part of the proof required on the part of the assured by the condition. It requires that the assured shall make out a written account of the loss within thirty days thereafter and deliver it at the office of the company. This is a duty incumbent upon the assured, which must be performed unless waived. The personal examination is entirely optional with any officer of the company. The assured must submit to it, but can not enforce it. If the corporation desired this personal examination in aid, or as explanatory, of the proofs submitted by the assured, it should have insisted upon it within the thirty days. It can not be permitted to postpone such examination for the purpose of involving the assured in difficulties and entrapping her into a violation of the condition of the policy.

As to the acts of the agents of the company which conduced to waive its rights, the evidence is entirely satisfactory. We are clearly of opinion that it had waived any omissions or irregularities in the proof of loss delivered, and that there is no variance.

Error is assigned upon the refusal of the court to give the twelfth and fourteenth instructions asked by appellant. They involve the question already discussed. They are based upon the idea that the personal examination of the assured, after the expiration of thirty days from the loss, forms a part of the proof referred to in the condition of the policy which must be made by the assured. As we have already said, they are wholly distinct. One must be done, the other may be done. Even if the personal examination at any time might constitute proof of loss, it could never when made after the lapse of the thirty days. The opposite construction would enable these corporations to delay the examination and thus compel a forfeiture of the policy.

According to the view we have heretofore taken of the evidence, there is no force in the objection that the suit was prematurely brought.

According to the terms of the policy, the amount of the loss or damage was not payable for ninety days after due notice and proof. The schedule of the property which was made, and which we hold to have been sufficient according to the evidence, was delivered to the secretary of the company on the 11th day of May, 1870. The suit was commenced on the 23d of August following, making one hundred and four days after the proof of loss.

It was not error to refuse the thirteenth instruction in behalf of appellant. It is founded upon the assumption, which is held to be erroneous, that the personal examination of the assured was a necessary part of the proof of loss.

The first instruction given for appellee was clearly right. It informed the jury that the personal examination was no part of the preliminary proofs of loss. This is the true construction of the condition in the policy. The averments in the declaration did not impose the proof of such examination upon appellee. When she had proved the delivery of the schedule and the acts of waiver, she had made a *prima facie* case as to the proof of loss. She was not bound, as assumed by counsel, to prove the personal examination and all the acts of the company by its officers, in order to constitute a waiver. She need only show acts which were sufficient to convince the jury that the company had waived any irregularity in the proof of loss. When this was done the law did not burden her with the ridiculous labor of accumulating testimony.

The last clause of the instruction is not objectionable. The refusal to submit to the examination was solely a matter of defense. The language clearly indicates this view. It is susceptible of no other construction.

The language of the condition is : "The assured shall forthwith give notice of any loss to the secretary of the company, and within thirty days after such loss shall deliver, at the office of the company, etc., a particular account of such loss ;" and then proceeds with particular specifications. The condition

then contains the following: "And the assured shall, if required, submit to an examination, etc."

The requisition for the examination must proceed from the company. The assured must yield to it only upon demand. Upon demand, followed by submission or refusal, then the company may prove the facts. The effect of refusal is not involved in this case, as the assured did not refuse. The examination was had after the expiration of the time in which to perfect proofs of loss, and formed a part of the evidence introduced by the company. It was used, as avowed, merely to show the fact of examination. For the purpose offered, it was wholly immaterial. It might have been used in rebuttal with a view of contradiction, but taken at the time it was, it could not be offered as any part of the preliminary proofs; nor could the bare fact of examination constitute any defense under the circumstances.

Objection is also made to the second instruction, given at the instance of appellee.

It is contended that the court should not have instructed the jury that certain acts, if proved, were a waiver of further proof of loss, and that the instruction should have been that the acts enumerated were only evidence of a waiver. The jury find the facts, and the court determines the law. Whether certain acts have been proved or not, must be ascertained by the jury; whether or not they amount to a waiver when proved, the court must decide.

We have already expressed the opinion that the acts in question did constitute a waiver. The assured was, after the fire, frequently at the office of the company, and in communication with its officers, before the lapse of the thirty days mentioned in the condition.

Good faith required that the company should apprise the assured of any objections entertained before she lost her right to supply defects and omissions. *Peoria Marine and Fire Insurance Co.* v. *Lewis*, 18 Ill. 553; *Great Western Insurance*

*Co.* v. *Staaden*, 26 Ill. 361 ; *Turley* v. *The North American Insurance Co.* 25 Wend. 374 ; *Ætna Insurance Co.* v. *Tyler*, 16 Wend. 385.

It is claimed that there was not sufficient proof of title to the property. The averment in the declaration was, that the assured was the owner, and it is contended that this was equivalent to an averment of an estate in fee. Such was its effect.

Did the failure to prove a regular paper title defeat the right to recover ?

A deed conveying the property to appellee was introduced and read to the jury. It was objected to at the time, but the objection was properly overruled. It was some evidence of title, and appellee was under no obligation, prior to its introduction, to produce the deed to her grantor.

The evidence shows that the property destroyed was the same as that mentioned in the policy ; that the company designated it in the policy as the dwelling house and saloon of appellee ; that she was in actual possession at the time of the loss, and had been for seven years prior thereto, and that she held the property by virtue of the deed introduced. On the trial no exception was taken to the parol testimony.

This case was unlike the one referred to by counsel, *Illinois Mutual Fire Insurance Co.* v. *Marseilles Manufacturing Co.* 1 Gilm. 236. In that case the only evidence as to title was, that the defendants in error were the owners of the buildings only, and not the land. In this case there is proof of an actual occupancy.

Appellant asked no instruction as to the insufficiency of the evidence. Its silence dispensed with the production of higher and better evidence. *Clay* v. *Boyer*, 5 Gilm. 506.

The actual possession, accompanied with a claim of the fee, raises the presumption of an estate in fee. *Mason* v. *Park*, 3 Scam. 532 ; *Brooks* v. *Bruyn*, 18 Ill. 539.

The position of counsel is not defensible.

But it was error to overrule the challenge of the juror, Samuel Askey. He said that he had some prejudice in his mind against insurance companies generally; that his prejudice was founded on the fact that he could not comprehend their proceedings, but that the prejudice would not affect his verdict.

A man may have a prejudice against crime; against a mean action; against dishonesty, and still be a competent juror. This is proper, and such prejudice will never force a juror to prejudge an innocent and an honest man.

As to this juror, the feeling he entertained against insurance companies was of a bigoted and reprehensible character. It was not founded upon any knowledge or information of conduct which should condemn them, but merely upon the fact of his inability to understand the proceedings of these corporations. They must then disclose all their operations—open to him all their business transactions—in order to remove his suspicion. His prejudice, based upon the reason assigned, must have been deep-seated, and would necessarily have affected his verdict.

A juror should stand indifferent between the parties. No bias should influence his judgment and swerve him from strict impartiality. It would have required as much evidence to remove his unfounded prejudice as to convince him of the justice of the defense.

The juror said that he had no more prejudice against this than any other company, but that he had a prejudice against all insurance companies. How is it possible that his mind would not be biased, and his determination, to some extent, influenced? It is not necessary that his unfavorable impressions should be so strong that they can not be shaken by evidence. It is sufficient if proof be necessary to restore his impartiality. A party should never be compelled to produce proof to change a preconceived opinion or prejudice which may control the action of the juror.

A preconceived prejudice against a party may be as difficult to remove as an opinion. A prejudice is, in some sense, an opinion.

In Burr's case, Chief Justice Marshall said: "Those strong and deep impressions which will close the mind against the testimony which may be offered in opposition to them, which will combat that testimony and resist its force, do constitute a sufficient objection." 1 Burr's Trial, 416.

The counsel for appellee insists that, as this was a challenge to the polls for favor, and not for principal cause, the judge was selected as the trier, and that his finding is conclusive unless he committed some error of law. Such has never been the practice in this State, and we think it is the better rule, and that it is our duty, to review the action of the court below in all cases as to the competency of jurors.

The question arises, shall the judgment be reversed for this error of the court? Was the company prejudiced thereby?

The rule of this court, established by its earliest decisions and persistently adhered to is, that it will not grant a new trial or reverse a judgment on error on account of the admission of improper, or the rejection of proper, evidence, or for misdirection of the court below, if it appears from the entire record that justice has been done, and that the errors complained of could not have affected the merits of the cause or influenced the action of the jury. *Greenup* v. *Stoker*, 3 Gilm. 202.

The errors assigned are errors of law. We hold that the ruling of the court was right, and the jury were bound to take the law from the court.

The only issue of fact contested was, as to the sufficiency of proof of loss. The waiver of the irregularity in the proof was amply established by uncontradicted proof. The acceptance of the schedule by the secretary, without objection, was a waiver of all omissions in the proof. The testimony of appellee, as well as the secretary of the company, abundantly proved this fact, and it is not contradicted.

The company could not, therefore, have been prejudiced, even if there were a biased juror.

We think the verdict is eminently just, and affirm the judgment.

· *Judgment affirmed.*