ADAM B. HENKINS

v.

HENRY J. MILLER, ASSIGNEE.

*Conditional Sale — Reaper—Breach of Condition — Instructions— Waiver—Practice.*

1. In an action brought to recover the value of a reaper sold to the defendant upon the condition that it would do work satisfactorily to him, this court holds, that upon the weight of the evidence, the condition had not been complied with, and that the machine had been properly rejected by the defendant.

2. The court in one of its instructions having ignored the conditions, shown by the evidence, under which the machine was retained by the defendant, committed error.

3. It is for the court to state to the jury what acts or class of acts would amount to a waiver; whether these acts have been shown by the evidence is for the jury.

Henkins v. Miller.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Putnam County; the Hon. N. E. WORTHINGTON, Judge, presiding.

Messrs. WILLIAM H. CASSON and FRED S. POTTER, for appellant.

Messrs. J. L. MURPHY and FRANK WHITING, for appellee.

MR. JUSTICE CARTWRIGHT. This suit was commenced before a justice of the peace, by appellee, as assignee of F. E. Mason & Co., insolvents, against appellant, to recover the price of a "Whitely" binder, delivered to appellant by F. E. Mason & Co. On appeal to the Circuit Court there was verdict and judgment thereon for appellee for $100. On the trial there was very little dispute as to the material facts, and none as to the contract under which the machine was delivered. About the close of the harvest of 1889, one Williams, an agent of F. E. Mason & Co., dealers in harvesting machinery, went with one Fowler, acting as general agent of the " Whitely " binder, to appellant's farm, and tried to sell him a binder. They brought the binder in question into his field, under an agreement that if it failed to give him entire satisfaction it should not cost him a cent, but if it did give satisfaction, he was to buy it. It did not do good work, or such work that he was or ought to have been satisfied with it, and he declined to keep it. He cut only a few acres with it that year, and it was then agreed that he should keep the machine for another year; that a new knotter should be put on, and if it did not work all right and to his satisfaction, it should not cost him anything, and Mason & Co. should take it away. F. E. Mason testified that he had notice that the machine failed to give satisfaction the first year, and that appellant kept it with the understanding that they were to make it work to his satisfaction, and if they did so, he was to take it at the next year's terms. The price was $150. The new knotter was put on by Mason

& Co. before the harvest of 1890, but when put to use the
machine did not do good work.   Notice was given to
Mason & Co., and they sent an expert to attend to it.   The
expert testified that the needle was bent and the machine
not properly adjusted; that he straightened the needle and
adjusted everything, and that the machine worked all right
a few rounds while he was there.   Appellant and his son
testified that the expert hammered the needle with a mon-
key wrench and left; and that the needle broke the second
round after he left.   Mason & Co. were notified, and
another needle procured, and appellant continued trying to
cut his grain with the machine, but we think the evidence
satisfactorily shows that it never did good work.   Indeed,
it seems plain that this was the view taken by the jury, as
the price agreed upon was $150 in case the machine did
good work, and the verdict was for only $100, showing
that the jury did not regard it as fulfilling the condition of
the sale.   Appellant finally quit trying to use it, and sent
word to Mason & Co. to take it away, and they replied by
a letter written by their bookkeeper at their direction,
asking him to attend for them to putting the binder under
shelter, and to see that it was well taken care of.   Appellant
complied with the request, and it remained afterward where
it was so placed by such direction.   The voluntary assign-
ment of Mason & Co. to appellee was afterward made
January 2, 1891.

The machine had failed to do good work, and upon
appellant's request to take it away, Mason & Co. had
accepted the machine, and directed him to put it under
shelter for them.   There was no pretense of any fraud or
misrepresentation inducing their action and they then made
no claim that the machine had been kept or used for an
unreasonable time in making a test of its qualities.   In this
state of the evidence appellee requested, and the court gave,
this instruction:   "If the jury find from the evidence that
in the year 1889, defendant A. B. Henkins took a Whitely
binder, the property of the plaintiff's assignor, on trial,
that on trying the same he ascertained it was not a proper

binder for his business and that it would not work to his satisfaction, and that with a full knowledge of such fact he used said binder for the rest of the season of 1889, and with a full knowledge of such fact he continued to use it during the season of 1890, and cut a large amount of grain therewith, then the jury are instructed that such acts on the part of the defendant amount to a conversion of said binder to his own use, and that in said case defendant is liable to the plaintiff herein for the value of said machine." This instruction wholly ignored the undisputed evidence of the conditions under which appellant kept the machine for trial in 1890, at the request of Mason & Co., and the notices sent and objections and complaints made by him, as well as the letter of Mason & Co. above referred to, by which he was directed to care for the machine for them, and did not correctly state the law as applicable to the case. Under this instruction the jury could scarcely do otherwise than return a verdict for the value of the machine. The court also modified several of appellant's instructions so as to authorize the jury to find from the evidence whether or not appellant in some way waived the condition of the machine working well and giving satisfaction. By these modifications the court submitted to the jury as a question of fact, what would constitute a waiver, and this was erroneous. What acts or class of acts would amount to a waiver is a question of law, and whether the prescribed acts have been proven is a question of fact. Winnesheik Ins. Co. v. Schueller, 60 Ill. 465. The verdict was against the weight of the evidence, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*