### Alexander McLeod v. Levi Sharp.

1. LANDLORD AND TENANT—*Tenant May Show that his Landlord's Title is Extinct.*—A person in the possession of premises as a tenant, may show that his landlord's title has expired.

2. QUESTIONS OF FACT—*Existence of a Contract.*—The existence of a contract is a question of fact for a jury to determine from the evidence.

3. FORCIBLE ENTRY AND DETAINER—*Evidence of Title.*—A deed of conveyance from the vendor in a contract of sale to a person other than the vendee in such contract, is competent evidence on the trial of a suit in forcible detainer by such vendee against the grantee in such deed, as tending to show that the contract of sale had been forfeited.

4. CONTRACTS OF CONVEYANCE—*Requisites of a Forfeiture—Surrender of Notes.*—Where the notes given for the payment of the purchase money of premises are past due, so that an assignee would take them subject to all defenses, it is not necessary that they should be surrendered, in order to effect a forfeiture of the contract.

5. SAME—*Forfeiture—Return of Money Paid.*—Under a contract for the sale of real estate containing conditions of forfeiture, upon declaring such forfeiture, it is not necessary to return the money paid unless such return is made a condition of the contract.

6. INSTRUCTIONS—*Imposing a Higher Order of Proof than Required by Law.*—An instruction stating that the burden of proving *clearly* the forfeiture, and by the preponderance of the evidence, was upon the defendant, is erroneous, as requiring a higher order of evidence than that required to establish facts ordinarily in civil proceedings.

7. SAME—An instruction, not only requiring that the proof of the forfeiture should be clear, but stating that such right is a harsh remedy and is not favored by law, is erroneous because of the quality of proof required and because the jury might understand from it that the law does not favor carrying out the contracts that people make for themselves.

8. WAIVER—*A Question of Law.*—An instruction which leaves it to the jury to determine from the evidence whether a forfeiture, if made, was waived, is erroneous, as the question what facts, if proven, will amount to a waiver, is a question of law.

9. ERROR—*Will Not Always Reverse.*—It is error in an instruction to give prominence to evidence by reciting it and informing the jury that it is proper to be considered in connection with the other evidence, etc., but where the verdict appears to be fully justified by the evidence, the giving of an instruction of that character is not reversible error.

Memorandum. — Forcible detainer. Error to the Circuit Court of Rock Island County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

M. E. SWEENEY and W. H. GEST, attorneys for plaintiff in error.

HENRY CURTIS and SWEENEY & WALKER, attorneys for defendant in error.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This is a suit in forcible detainer by plaintiff in error against defendant in error, for the possession of lot five, in block one, in Bailey Davenport's third addition to the city of Rock Island. There was a trial and plaintiff was defeated.

The record shows the following facts: On November 7, 1871, the plaintiff obtained from Bailey Davenport, who was then the owner of the premises in controversy, a bond, conditioned that if plaintiff should pay said Davenport $200 in four installments of $50 each, for which plaintiff gave his notes due in one, two, three and four years, with interest at six per cent, and should erect a house on said premises within six months, and pay all taxes on said premises, then the said

Davenport should convey the same to the plaintiff. The bond contained a provision that in the event of the non-payment of said sum of money or any part thereof at the time therein limited, the said Davenport might elect to consider the contract at an end, and that plaintiff should be considered the tenant of said Davenport, holding over the termination of his lease. Plaintiff went into possession of the lot under the bond for a deed and erected a house and made other improvements, amounting in all to about $800 in value. He occupied the premises with his family until the summer of 1880, when he moved out, and in September of that year he rented the premises to the defendant, who went into possession as tenant.

The defendant paid the rent to plaintiff until the spring of 1881, when Davenport notified him not to pay any more rent to plaintiff, but to pay it to said Davenport, as he was the owner of the premises. The plaintiff knew of the notice and acquiesced in the payment of the rent to Davenport, saying that it was all right and that defendant should pay the rent to Davenport. The rent was paid to Davenport until August, 1886, and Davenport paid the taxes up to that time, when he gave defendant a contract for a conveyance upon payment of $400, in installments, as therein provided, and in pursuance of that contract he conveyed the premises July 10, 1889, to defendant.

At the time that the notice not to pay rent to plaintiff was given he was in default, under the provisions of the bond. It is claimed that the balance due was not large, but that payment had not been made in full is not denied. The defendant, although he entered as tenant of the plaintiff, was entitled to show that his landlord's title to the premises had expired, and that was the question in the case.

If Davenport had exercised his option to consider the contract at an end and terminate plaintiff's interest in the premises, then the verdict was right. Plaintiff claimed that the rent was paid to Davenport under an arrangement between them by which Davenport was to receive the rent and keep the taxes paid until they should have a settlement,

and that he afterward sought for a settlement which was postponed by Davenport and was never made. He gave to the jury his version of the transaction, and one of his witnesses testified to calling upon Davenport in 1886, for him to see whether Davenport would not pay him some of the rent, and to Davenport promising to do so but excusing himself then for lack of time to attend to it. The jury, however, were not convinced that there was such an arrangement as plaintiff claimed, and the trial judge approved of their conclusion. The evidence affords many reasons for such a conclusion. Plaintiff had delayed bringing any suit for many years, during which there was no evidence that he was seeking or expecting any settlement; he never informed defendant of any arrangement such as he claimed, but suffered him to treat Davenport as owner and to acquire title and occupy the premises as owner under such title; he never questioned the deed or begun any proceeding until after Davenport's death, and the conduct of all the parties up to the commencement of the suit was inconsistent with the claim. We see no reason to disagree with the jury as to the facts.

It is objected that the evidence of the sale and deed by Davenport to defendant was incompetent. This was legitimate evidence tending to prove a forfeiture, and that Davenport considered the contract at an end. Christman v. Miller, 21 Ill. 227; Fitch v. Boyd, 55 Ill. 307. It was limited to that object by the eleventh instruction given for the plaintiff.

The third instruction asked by the plaintiff is as follows:

" The jury are further instructed that under the bond for deed in evidence in this case, Bailey Davenport could not divest the plaintiff of his interest in said premises acquired thereby, unless,

First. Plaintiff failed to pay the purchase money, or some part thereof, as it became due.

Second. That said Bailey Davenport thereupon elected to consider the bond at an end.

Third. That thereupon he returned, or offered to return,

to said plaintiff such moneys as had been by said plaintiff paid to said Davenport upon said bond.

Fourth. That said Davenport thereupon also returned or offered to said plaintiff the notes for the unpaid purchase money then held by said Davenport."

The court struck out the third and fourth clauses, and gave the instruction as so modified. It is urged that this was error and that the return of the money paid and notes given was a condition precedent to the right of Davenport to terminate the contract. So far as the notes were concerned, they were long past due, so that an assignee would take them subject to all defenses, and therefore it would not be necessary in any case that they should be surrendered. Fitch v. Boyd et al., 55 Ill. 307; Phelps v. I. C. R. R. Co., 63 Ill. 468.

The right of Davenport to terminate the contract was provided for by its terms and no condition was imposed concerning its exercise in case default was made by the plaintiff. When the right was exercised, it was in pursuance of the stipulations of the parties, who had agreed upon the conditions requisite to such exercise.

It was not necessary for Davenport to return the money paid, since that was not made a condition by the contract.

The sixth instruction asked by the plaintiff stated that the burden of proving clearly the forfeiture, and by the preponderance of the evidence, was upon the defendant. The court modified it by striking out the word " clearly," so as to impose upon defendant only the burden of proving the forfeiture by a preponderance of the evidence.

The modification was right, and the proof of the fact in question did not require any higher order of evidence than that required to establish facts ordinarily in civil proceedings.

The plaintiff also asked the court to give his twelfth instruction, not only requiring that the proof of the forfeiture should be clear, but stating that such right is a harsh remedy, and is not favored by the law. This instruction was refused, and properly so, both because of the quality of

proof required, and because the jury would understand from it that the law does not favor carrying out the contracts that people make for themselves.

The thirteenth and fourteenth instructions asked by the plaintiff were also refused. The thirteenth left it to the jury to determine from the evidence whether a forfeiture, if made, was waived. This proposed the submission to the jury of a question of law, since the question what facts, if proven, will amount to a waiver, is of that nature. Winnesheik Ins. Co. v. Schueller, 60 Ill. 465; Henkins v. Miller, 45 Ill. App. 34. It was therefore properly refused.

We do not perceive that the fourteenth related to any evidence in the case, and the refusal to give it was not error. Some of the instructions for the defendant gave prominence to evidence produced by him, by reciting it and informing the jury that it was proper to be considered in connection with the other evidence. It is to be presumed that juries ordinarily know the object of introducing evidence and that all evidence admitted by the court is proper to be considered.

The only effect of calling their attention to the evidence favorable to one party is to give it a special prominence, and this should not be done. Any injunction to consider the evidence should apply to all of it; but inasmuch as the verdict appears to be fully justified by the evidence, and the result arrived at appears to be the only one that could be properly reached, we do not regard the giving of the instructions of that character as reversible error.

We see no other objection to the instructions given for the defendant and the judgment will be affirmed.