## Modern Woodmen of America v. Henrietta L. Hoover.

1. WAIVER—*What Acts Amount to, Not a Question for a Jury*:—The question as to whether certain acts of the officers and agents of a mutual benefit association amount to a waiver of its rules and regulations in regard to statements required in applications for membership, is a question of law and not of fact for the determination of a jury.

2. VERDICTS—*Entitled to Respect upon Questions of Fact.*—The findings of a jury upon controverted questions of fact are entitled to, and receive at the hands of the courts, the greatest respect, but the opinions of jurors upon questions of law do not stand upon the same footing.

Memorandum.—Assumpsit. In the Circuit Court of Peoria County, the Hon. THOMAS M. SHAW, Judge, presiding. Declaration on a certificate in a beneficiary association; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and reversed with a finding of facts. Opinion filed December 13, 1894.

APPELLANT'S BRIEF, WINSLOW EVANS AND J. W. WHITE, ATTORNEYS.

A waiver has been defined to be the relinquishment or refusal to accept of a right. An estoppel is the preclusion of a person from asserting a fact, by previous conduct inconsistent therewith on his own part or the part of those under whom he claims, or by an adjudication upon his rights which he can not be allowed to call in question. Bacon on Life Insurance, Sec. 420.

The terms " estoppel " and "waiver," though not technically identical, are so nearly allied, and as applied in the law of insurance so like in consequences which follow their successful application, that they are used indiscriminately by the courts.    Bacon on Life Insurance, Sec. 421.

Waiver is merely equitable estoppel or estoppel *in pais.* In order to work such a result there must be a change of conduct by the insured, induced by the insurer, in order to prevent the insurer from setting up his defense.

An estoppel arises when the insurer, having full knowledge of the facts of a breach of the conditions of the contract of insurance entitling it to forfeit the policy, nevertheless goes on and by any conduct treats the contract so that the insured is led to believe and act on the belief that the contract is still in force.    May on Insurance, Sec. 505 to 507; Mutual Life Insurance Co. v. Ammermann, 119 Ill. 336.

Both the assured and the underwriter must understand that there is a waiver of the conditions in order to make it operative.    The understanding of one party without sufficient cause given by the other, is not enough.    Hambleton v. Home Ins. Co., 6 Biss. (U. S. C. C.).

The acts or declarations or course of dealing relied upon as a waiver, must have been with full knowledge of all the facts.    Bliss on Life Insurance, Sec. 267.

There can be no waiver in the absence of a complete knowledge of all the circumstances; and the fact that the assured, during the life of the policy, notified the company that the premises were vacant, and received a reply " all right," will not amount to an estoppel, unless it also appears that the company were made aware that the house was vacant a month before the policy was issued and had continued so ever since; good faith and fair dealing required that all the facts should have been stated.    Boyd v. Insurance Co., 90 Tenn. 212.

A party will not be estopped by conduct or declarations obtained from him by cunning or falsehood.    Coari v. Olsen, 91 Ill. 273.

These general principles are made doubly binding on he assured in this instance by his relation. He becomes at member of the corporation by the act of insurance, and therefore bound to become informed of its rules and regulations. Mitchell et al. v. Lycoming M. Ins. Co., 51 Pa. St. 402; St. Hackney v. Alleghany Mutual Ins. Co., 4 Barr. (Penn.) 185.

It is clear that a member of the company is chargeable with notice of all the by-laws of the company and of the conditions of insurance adopted by the company, whether contained in the by-laws or in the resolutions. Miller v. Hillsborough Fire Association, 42 N. J. Eq. 460; Hales v. Mechanics Ins. Co., 6 Gray (Mass.) 169; Baxter v. Chelsea Mutual Fire Ins. Co., 1 Allen (Mass.) 294; Mulrey v. Shawmut M. F. Ins. Co., 4 Allen (Mass.) 116.

APPELLEE'S BRIEF, ISRAEL C. PINKNEY AND STEVENS & HORTON, ATTORNEYS.

Examples of waiver and estoppel on the part of the company by the issuance of a policy with knowledge of facts which otherwise would vitiate it, are where delivery is made without insisting on the provisions requiring pre-payment of the premium, or when it is known that the statements in the application are untrue. Home Mut. F. Ins. Co. v. Garfield, 60 Ill. 124; Witherell v. Maine Ins. Co., 49 Me. 200.

An association knowing that certain statements in an application for membership are false if it continues to receive assessments from the assured will not be permitted afterward to declare the policy forfeited for this reason. Excelsior M. A. O. v. Riddle, 16 Cent. Law Jo. (Ind.) 407; Illinois Masonic, etc., v. Baldwin, 86 Ill. 482; Masonic, etc., v. Beck, 77 Ind. 203; Home Mutual F. Ins. Co. v. Garfield, 60 Ill. 124; Witherell v. Maine Ins. Co., 49 Me. 200.

Where the insurer knows of a fact for which he might cancel policy, remains silent, collects and retains premiums, etc., he is estopped to deny liability in case of loss. 4 Brad.

485; N. British Ins. Co. v. Steiger, 26 Ill. App. 229; Germania F. Ins. Co. v. Hick, 23 Ill. App. 281; Williamsburg F. Ins. Co. v. Cary, 83 Ill. 453; Reaper Ins. Co. v. Jones, 62 Ill. 458; Lycoming Ins. Co. v. Robert R. Barringer, 73 Ill. 230; Home Ins. Co. v. Wood, 47 Kan. 521; Rivara v. Queen's Ins. Co., 62 Miss. 720.

An estoppel in cases of this kind is also established by the insurer accepting assessments after knowledge of an infirmity, which would avoid the policy if insisted upon before loss occurs. Mutual Life Ins. Co. v. Ammerman, 16 Brad. 528; 119 Ill. 329.

Where the insurer knows of a fact for which the policy might be canceled, and continues to receive premiums from the insured, in case of loss, it would be a fraud to permit the company to avoid payment, by urging such fact as a defense. Atlantic Ins. Co. v. Wright, 22 Ill. 463; Conn. Ins. Co. v. Spankneble, 52 Ill. 57.

Notice to canvassing or soliciting agents of the company bind it. Shimp v. Cedar Rapids Ins. Co., 26 Ill. App. 254; Liverpool Ins. Co. v. Van Os, 63 Miss. 431; Heath v. Springfield F. Ins. Co., 58 N. H. 414; Hamilton v. Aurora F. Ins. Co., 15 Mo. App. 59; Redstrake v. Cumberland Mut. F. Ins. Co., 44 N. J. L. 294.

Notice to the general agent is notice to the company. Peck v. New London Mut. Ins. Co., 27 Conn. 575; Union Mut. Life Ins. Co. v. Wilkinson, 13 Wall. (U. S.) 222; Continental Life Ins. Co. v. Thoena, 26 Ill. App. 495; Phoenix Mut. Life Ins. Co. v. Hinesley, 75 Ind. 1.

The application of this rule also comprehends knowledge acquired of facts after the execution of the policy, which, unless waived, would avoid it. Manhattan F. Ins. Co. v. Weill, 29 Gratt. (Va.) 389; Peoria, Marine and F. Ins. Co. v. Hall, 12 Mich. 202; McGurk v. Metropolitan Life Ins. Co., 16 Atl. Rep. 263.

Mr. Justice Cartwright delivered the opinion of the Court.

This suit was brought by appellee against appellant to recover the amount of a certificate of membership issued by

appellant July 1, 1890, to her husband, Isaac L. Hoover, providing for the payment to appellee of $2,000 at his death. He died December 28, 1891, leaving appellee his widow and beneficiary. The case was tried three times in the Circuit Court, and on each occasion a verdict was returned in favor of appellee for the full amount named in the certificate, with interest to the date of the verdict. The court set aside the first and second verdicts as being against the evidence, but denied a motion to set aside the third verdict and for a new trial, on the ground, as appellee states, that two new trials had already been granted and that the limit of the statutory power of the court in that respect had been reached. Judgment was therefore entered on the verdict.

The defendant by special plea averred that the certificate was issued to Isaac L. Hoover subject to all the conditions on the back of said certificate and named in its fundamental laws and by-laws; that by the conditions of the certificate it' was provided that it was issued in consideration of the representations and agreements of said Isaac L. Hoover, and that if any of the statements and declarations in the application for membership, and upon the faith of which said certificate was issued should be found in any respect untrue, the certificate should be null and void, and all moneys paid and all rights and benefits on account of said certificate should be absolutely forfeited; and that it was provided by said fundamental laws, that a person to become a member of the defendant fraternity must be over the age of eighteen years and under fifty-one years of age; that said Isaac L. Hoover in and by his said application, on the faith of which said certificate of membership was issued, falsely and untruthfully represented to the defendant that he was born on the 11th day of September, 1839, whereas, in truth and in fact, he was born on the 11th day of September, 1830; that he was not eligible to become a member, and that said certificate by reason of the premises became absolutely forfeited and null and void.

There was no traverse of the facts so alleged in said plea,

but the plaintiff, by replication, set up a waiver of such misrepresentations and forfeiture, and upon the question whether there was such a waiver, issue was formed and tried.

As the pleadings stood it was admitted by the plaintiff that the deceased was not eligible to membership or to receive the certificate; that he falsely represented that he was born on the 11th day of September, 1839, when in fact he was nine years older than he represented, and that such false representation rendered the certificate null and void unless the defendant had waived its rights in that regard. That there was such waiver the plaintiff assumed the burden of proving.

The supposed waiver was claimed to have arisen out of the information given by Isaac L. Hoover, who was a doctor living in Peoria, to J. H. Boutin, who had been commissioned by J. C. Root, head consul of the defendant, to organize a local branch or camp, as it was called, of the order in Peoria. The evidence as to such information consisted of the testimony of said Boutin and one Richard Gray who was about the doctor's office. The testimony of Gray was emphatically contradicted, and judging it as it appears in the record, was entitled to little respect. His pertness and inconsiderate answers show but slight appreciation of his responsibility as a witness; but assuming that the jury might believe him as against the contradictory testimony, the entire evidence as to such information was, that Boutin solicited Hoover to become a member of the camp, and Hoover was informed as to the condition of membership dependent upon age, and that he told Boutin that he was too old and that he didn't know whether he was fifty or fifty-one at his last birthday. The outside limit given by him as his age, if he said he was too old, was fifty-one years. There was no evidence tending to prove that Hoover at any time stated his true age, which was fifty-nine years. He made out the application in which he wrote the date of his birth as " September 11, 1839," and delivered the application to Boutin, who sent it to the head physician of defendant. Boutin wanted Hoover for examining physician

of the local camp, and had solicited his membership with that view. When Boutin sent the application he wrote that the applicant was a nice appearing man; that he did not appear as old as stated in the application; that the applicant guessed that he was fifty-one at his last birthday; that he thought the applicant a good risk, and that he would like to have him for examining physician. Boutin received a reply in which it was said, that according to the application that Hoover had made out, he was not yet fifty-one, from which it would appear that the officers of defendant supposed the application true, and that he was eligible to membership.

But if it should be conceded that the officers of the defendant who issued the certificate, knew that Hoover was not under fifty-one years of age, and therefore not eligible to membership, the alleged waiver was not proved.

It is not necessary for us to decide whether officers of a society like defendant, without being authorized, could waive its fundamental laws relating to the substance of the contract, in favor of one chargeable with notice of such laws by admitting a person not qualified and subjecting his associates to the payment of assessments on account of his death, in violation of such laws governing the relations of members to each other, since there was no waiver of a right to object to the validity of a certificate issued to Hoover when fifty-nine years old, for the reason that there is not the slightest cause to suppose that any agent or officer of the defendant ever knew that such was his age. Surely knowledge of the fact was necessary to a waiver of a right dependent on that fact. It is argued that it could make no difference, so far as the rights of the defendant are concerned, whether Hoover was one year or ten years older than the limit as to age fixed by the by-laws, but the argument is plainly erroneous. If the power existed to waive the condition, the officers might be willing to waive it as to a person fifty-one years old, in which case the increased risk would be comparatively slight, when they would not entertain the idea for a moment of taking the risk if the cer-

tificate was nine years nearer pay day and the expectancy of life correspondingly decreased.

It is urged that the judgment should not be disturbed because the intelligent, impartial, disinterested and unprejudiced gentlemen who composed three different juries settled the right of recovery affirmatively. The findings of any jury upon controverted questions of fact are entitled to and receive at the hands of the courts the greatest respect, and are not to be set aside for slight cause, but the opinions of jurors as to the law do not stand upon the same footing. The only question in this case was the one of waiver, and whether certain acts amounted to a waiver, was a question of law for the court to determine, and not for the jury, who could only say whether such acts as in law could constitute a waiver had been proved. Winnesheik Ins. Co. v. Schneller, 60 Ill. 465; Henkins v. Miller, 45 Ill. App. 34. The last jury were fully and plainly instructed by the court on that subject and well understood that information given by Hoover that he was too old, and that he thought he was fifty-one years old his last birthday, or that he did not know whether he was fifty or fifty-one at his last birthday, and the issue of the certificate with the information so given, would not amount to a waiver when he was in fact fifty-nine years old. There was no evidence tending to prove that he ever gave any information different from that stated in the instructions, or tending to prove any fact that would take the case out of the rules of law given to the jury by the court. They could only arrive at the verdict returned by deciding the questions of law adversely to the court, and as we agree with the court on those questions we feel compelled to set aside the judgment. The judgment will be reversed.

FINDING OF FACTS TO BE INCORPORATED IN JUDGMENT.

We find that the only cause of action in this case is upon the certificate issued by defendant to I. L. Hoover, and mentioned in the first amended count of the declaration, and which was admitted by plaintiff in the pleadings to have

been null and void by reason of false representation of said I. L. Hoover as to his age, unless the defendant had waived the conditions of said certificate and its fundamental laws in that regard by issuing said certificate with notice of the age of said I. L. Hoover, and we find that the defendant had no notice or information at any time of the true age of said I. L. Hoover, or of the date of his birth, and there is no evidence that said I. L. Hoover or any other person gave any information to defendant at or before the issuing of said certificate that said I. L. Hoover was born on the 11th day of September, 1830, and that he was fifty-nine years old when he made the application for said certificate, and that the defendant did not issue the certificate with notice of the facts as to his age.